UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr-128-CEM-LHP
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)

JORDAN FRANKLIN TREXLER

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

From on or about February 26, 2024, through on or about March 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JORDAN FRANKLIN TREXLER,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in any sexual activity for which any person could be charged with a criminal offense, specifically lewd or lascivious battery, in violation of Fla. Stat. § 800.04(4)(a)(1).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO

From on or about February 26, 2024, through on or about March 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JORDAN FRANKLIN TREXLER,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, a video titled "cplAWhefSR9bC7VacorOvS6+d4uOC31.mov," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

From on or about February 26, 2024, through on or about March 4, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JORDAN FRANKLIN TREXLER,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, an image titled "cplAfzL3amKxjPByVlcl66NNRb1yAm_.jpeg," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depiction would be transported and transmitted in and affecting interstate and foreign commerce, and the visual

2

depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

### **FORFEITURE**

1.      The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2428 and 2253.

2.      Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

   a.   any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

   b.   any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.      Upon conviction of a violation of 18 U.S.C. § 2251(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a.   Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

      b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

4.    The property to be forfeited includes, but is not limited to, the following: a Black Apple iPhone, seized from the defendant on or about March 4, 2024.

5.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Kaley Austin-Aronson
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

JORDAN FRANKLIN TREXLER

## INDICTMENT

Violation:

18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)

A true bill,

_____
Foreperson

Filed in open court this 15th day of May, 2024.

_____
Clerk

Bail $ _____

GPO 863 525