UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No: 6:24-cr-128-CEM-LHP

JORDAN FRANKLIN TREXLER
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, Jordan Trexler, by and through undersigned counsel, respectfully moves this Honorable Court for the imposition of a sentence that would constitute a downward variance from his applicable sentencing guidelines of 'life' imprisonment. As grounds in support thereof, Mr. Trexler states the following:

1. The sentencing hearing in this case is presently scheduled for March 12, 2025. Doc. 95.

2. On March 5, 2025, the U.S. Probation Officer (USPO) filed the Final Presentence Investigation Report (PSR) as to this case. Doc. 100. Due to Mr. Trexler's total offense level and criminal history category, as calculated in the PSR, his advisory guideline range is "life." PSR ¶ 96.

3. This Court is in the unique position to thoroughly appreciate the procedural history, facts, and circumstances of this case, because of both the

substance of the information contained in the PSR and the fact that this Court presided over the jury trial.

4.   Mr. Trexler respectfully offers this Court that a sentence of life in prison is significantly greater than necessary to comply with the statutory purposes of sentencing. In doing so, Mr. Trexler generally agrees with remarks provided by the USPO in the PSR as basis upon which to request a total sentence (for all applicable Counts) of 360 months (30 years) imprisonment, to be followed by a term of 15 years supervised release. PSR, 90–94.

5.   Because of the USPO's thorough analysis of this case by way of the PSR, and out of respect for the privacy of the victim, Mr. Trexler has intentionally omitted any further discussion of the facts of this case from the instant filing.

## MEMORANDUM OF LAW

In *Booker v. United States*, 543 U.S. 220 (2005), the Supreme Court excised the statutory provision in 18 U.S.C. § 3553 that made the Sentencing Guidelines mandatory, thereby rendering them advisory. Id. at 244-46. While this Court must still correctly calculate the guideline range, there is no presumption that a guideline sentence is a reasonable and appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Court must make an individualized assessment based on the facts presented. *Id*.

A district court has the freedom to tailor a sentence in light of other statutory concerns, and a judge has the discretionary authority to vary from the applicable guidelines in fashioning a sentence so long as the judge has considered, and the sentence reflects, the statutory sentencing factors: the nature and circumstances of the crime, the need for the sentence imposed, the kinds of sentences available, and the like. *United States v. Henry*, 1 F.4th 1315, 1320-21 (11th Cir. 2021), See 18 U.S.C. § 3553(a).

The ultimate objective for this Court is to determine a reasonable sentence, and one which is sufficient but not greater than necessary to comply with the purposes of sentencing outlined in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). As a result, the Court may not presume the applicable guidelines range is reasonable. Rather, the Court must make an individualized assessment based on the facts presented. *Gall* at 50. Indeed, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

In *United States v. Crawford*, 883 F.2d 963, 966 (11th Cir. 1989), the Court advised that the sentencing under the guidelines is not an exact science and cannot be meted out to mathematical formulas. The guidelines do not

3

impose sentence but provide a framework for the district court to provide a sentence. "The sentencing guidelines are not intended to cover all contingencies or rigidly bind district judges." *Id.* (citing *United States v. Mejia-Orosco*, 867 F.2d 216 (5th Cir.1989), cert. denied, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989)).

## CONCLUSION

WHEREFORE, Mr. Trexler respectfully requests that this Court appropriately consider the information set forth within the PSR and exercise its discretionary authority in imposing a sentence not to exceed 30 years imprisonment, to be followed by a term of 15 years supervised release.

    Respectfully submitted,

    A. Fitzgerald Hall, Esq.
    Federal Defender, MDFL

    */s/Joshua R. Lukman*
    Joshua R. Lukman, Esq.
    Assistant Federal Defender
    Florida Bar Number: 0088213
    201 South Orange Avenue, Ste 300
    Orlando, Florida 32801
    Telephone: 407-648-6338
    Fax: 407-648-6765
    E-Mail: joshua_lukman@fd.org

        */s/ Aisha Ashley Nicole Nash*
        Aisha Ashley Nicole Nash, Esq.
        Assistant Federal Defender
        Florida Bar Number: 1003499
        201 South Orange Avenue, Ste 300
        Orlando, Florida 32801
        Telephone: 407-648-6338
        Fax: 407-648-6765
        E-Mail: Aisha_Nash@fd.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned has electronically filed the foregoing *Defendant's Sentencing Memorandum and Motion for Downward Variance* with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Kaley Austin-Aronson, Esq. and Stephanie McNeff, Esq., Assistant United States Attorneys, this 7th day of March 2025.

        */s/ Joshua Lukman*
        Joshua Lukman, Esq.
        Attorney for Defendant